**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TALI LASRI, on behalf of herself and all others similarly situated, | Civil Action Number: |
| Plaintiffs, | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT** |
| HUNTER WARFIELD, INC. | **AND** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff TALI LASRI (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through her attorneys, The Law Office of Alan J. Sasson, P.C., against Defendant HUNTER WARFIELD, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After

determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff.

6. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with a principal place of business located in Tampa, Florida.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- All New York consumers who were sent collection letters and/or notices from Defendant attempting to collect an obligation owed to or allegedly owed to AQUA ISLES- 21134, in which Defendant improperly attempted to collect same, in violation of 15 U.S.C. §1692 *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if

> so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
>
> d.   Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### **ALLEGATIONS OF FACT PARTICULAR TO TALI LASRI**

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Some time prior to January 20, 2017, an obligation was allegedly incurred by Plaintiff.

16. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

18. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

19. AQUA ISLES- 21134, directly or through an intermediary, contracted Defendant to collect its alleged debt.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. On or around January 20, 2017, in an effort to collect on the AQUA ISLES- 21134 obligation, Defendant sent Plaintiff a collection letter. **Exhibit A**.

22. Said letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. Said letter states that interest is due in the amount of $593.76.

24. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized

by the agreement creating the debt or permitted by law.

25. Congress adopted the provisions of section 1692f with the stated intent to prohibit debt collectors from attempting collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

26. Defendant's attempt at collecting more than what it initially stated was owed, without first indicating that interest continues to accrue, is exactly the type of harm Congress contemplated when enacting Section 1692f.

27. As such, Defendant's violations of the FDCPA created the risk of real harm that Plaintiff would overpay and thereby incur a significant monetary deficit due to Defendant's actions, when in reality; the amount allegedly owed on the debt would preclude such action.

28. Defendant's actions as described herein are part of a pattern and practice used to collect debts.

29. As set forth in the following Counts Defendant violated the FDCPA.

### First Count
### Violation of 15 U.S.C. §§ 1692e and 1692f, *et seq*
### False or Misleading Representations as to Plaintiff's Rights

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "29" herein with the same force and effect as if the same were set forth at length herein.

31. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

32. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

33. Defendant's letter states that the "Amount Due" is $7,177.53.

34. Defendant's letter then provides a "SETTLEMENT OFFER" of $3,584.48 along with a remittance stub located at the bottom of the letter.

35. The letter instructs Plaintiff to: "Pay by…credit card information along with this remittance stub."

36. However, the "remittance stub" fails to accurately provide the price of the Settlement Offer.

37. Said stub includes only a pre-filled amount to be paid of $7,177.53. *See* **Exhibit A.**

38. This effectively confused Plaintiff and the least sophisticated consumer as to her rights.

39. Reading the letter as a whole, the least sophisticated consumer is left in the dark as to the consequences of submitting the remittance stub along with credit card information, as instructed by Defendant's letter.

40. Defendant caused confusion as to whether Plaintiff would be charged the full amount or the settlement amount.

41. Plaintiff and the least sophisticated consumer would be left in the dark if she decided to try and satisfy the debt via the instructions on Defendant's collection letter.

42. On the one hand, Defendant provides a settlement amount, and on the other, Defendant pre-fills a remittance stub assuming Plaintiff will pay the full amount.

43. This is a misleading collection practice in violation of the FDCPA.

44. Defendant's misrepresentations are "material" in nature as that term is defined and used by the FDCPA specifically because said misrepresentations about credit would cause Plaintiff and other consumers to pay the debt to improve their credit scores.

45. As such, Defendant violated the FDCPA.

**Second Count**
**Violation of 15 U.S.C. §§ 1692e, 1692f *et seq***
**The Charging of Unlawful Fees**

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "45" herein with the same force and effect as if the same were set forth at length herein.

47. Collection letters such as those sent by defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48. Section 1692e(10) states that:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt…. the following conduct is a violation of this section:

    (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

49. Section 1692f(1) states that:

    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50. That Defendant attempts to recover an Interest Cost in the amount of $593.76 is improper.

51. That said Interest Cost is a fee charged and collected by Defendant.

52. That same is not expressly authorized by any agreement that Plaintiff has with the original creditor.

53. That the Interest Cost is not permitted by any applicable law.

54. That, as and for an alternative, Defendant retains all or a portion of the Interest Cost.

55. That Defendant's retention of all or a portion of the Interest Cost is not expressly authorized by any agreement that plaintiff has with the original creditor.

56. That Defendant's statement in its collection letter regarding the Interest Cost is an attempt to collect an amount which is not permitted by the FDCPA, § 1692f (1).

57. That Defendant's statement in its collection letter regarding the Interest Cost constitutes an unfair and unconscionable means used by Defendant in its attempt to collect a debt, in violation of the FDCPA, including but not limited to § 1692f (1).

58. That further, Defendant's statement in its collection letter regarding the Interest Cost also falsely represents the compensation which may be lawfully received by Defendant for the collection of the debt, in violation of the FDCPA, including but not limited to Section 1692e and 1692e(2)(B).

59. That Defendant's statement in its collection letter regarding the Interest Cost constitutes a false, deceptive, and misleading representation or means used by Defendant in connection with the collection of a debt, in violation of the FDCPA Sections 1692e and 1692e(10).

60. That further, Defendant's statement in its collection letter regarding the Interest Cost is a threat to take an action that cannot be legally taken, viz., to add a fee that is not authorized by any law or by the agreement between Plaintiff and the original creditor which created the alleged debt, and is therefore a violation of the FDCPA, Section 1692e (5).

61. Defendant used false representation and deceptive means to attempt to collect $593.76 in Interest Costs without evidencing the basis for the added fee in violation of 15 U.S.C. §§ 1692e, 1692e (2), 1692e (5), 1692e (10), and 1692f (1).

62. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

63. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Alan J. Sasson, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorney fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Alan J. Sasson
Alan J. Sasson, Esq.
Law Office of Alan J. Sasson, P.C.
2687 Coney Island Avenue, 2nd Floor
Brooklyn, New York 11235
Phone:    (718) 339-0856
Facsimile: (347) 244-7178
*Attorney for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                                    */s/ Alan J. Sasson*
                                                    Alan J. Sasson, Esq.

Dated:    Brooklyn, New York
             February 3, 2017